# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                           )
      v.               )    ID No. 1408007714A
                           )
CHRISTOPHER CLAY,     )
                           )
      Defendant.       )

## ORDER

Submitted: December 17, 2021
Decided: March 25, 2022

*Upon Defendant's Second Motion for Postconviction Relief,*
**DENIED.**

Casey L. Ewart, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware. *Attorney for the State of Delaware.*

Christopher Clay, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se.*

**CONNER, J.**

## INTRODUCTION

(1) This is the Court's decision on the second motion for postconviction relief submitted by Defendant Christopher Clay ("Clay") in this matter. The sole ground for relief advanced in the instant motion is procedurally barred by Superior Court Criminal Rule 61(d)(2) because Clay does not present new evidence creating an inference of actual innocence. In transgression of Superior Court Criminal Rule 61(b)(2), Clay attempts to use a reply brief to supplement his motion with additional grounds for relief. After carefully considering the record of prior proceedings and the filings of the parties, it is apparent that Clay is not entitled to postconviction relief. For the reasons set forth below, Clay's motion for postconviction relief is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

(2) Clay's conviction stems from his involvement in an August 9, 2014, armed robbery of the Dollar General in Georgetown, Delaware.[1] Following a jury trial, Clay was convicted on October 15, 2015, of robbery in the first degree, possession of a firearm during the commission of a felony, conspiracy in the second degree, tampering with physical evidence and resisting arrest.[2] Co-defendants

---

[1] For a detailed recitation of the underlying facts *see Clay v. State*, 164 A.3d 911–12 (Del. 2017).
[2] *Id*. at 910.

Maurice Land and Booker Martin were also convicted in connection with the robbery.[3] On December 11, 2015, Clay was sentenced to forty years and six months of Level V incarceration followed by probation.[4]

(3)     On appeal, the Delaware Supreme Court vacated Clay's conviction for tampering with physical evidence but affirmed the four other convictions.[5]

(4)     Clay filed a pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61") on June 21, 2017.[6] The Court appointed Patrick Collins, Esq. as postconviction counsel for Clay.[7] On February 28, 2018, Patrick Collins filed an amended motion for postconviction relief under Rule 61 on behalf of Clay (the "First Rule 61 Motion").[8] Of the three grounds for relief claimed in the First Rule 61 Motion, the most pertinent here is the contention that the October 27, 2015, affidavit by co-defendant Maurice Land was newly discovered evidence forming the basis for a new trial.[9] The affidavit was created after Clay was

---

[3] *State v. Clay*, 2018 WL 6434798, at *2 (Del. Super. Dec. 7, 2018), *aff'd*, 212 A.3d 804 (Del. 2019).

[4] *Id.* at *1.

[5] *Clay v. State*, 164 A.3d at 912–18.

[6] State's Resp. to Def.'s Second Mot. for Postconviction Relief at 3.

[7] *Id.*

[8] *Id.*

[9] *See State v. Clay*, 2018 WL 6434798, at *6; *see also* State's Resp. to Def.'s Second Mot. for Postconviction Relief Ex. A.

convicted but before sentencing.[10] In the affidavit Land asserts that Clay is innocent.[11]

(5)    On December 7, 2018, the Court denied the First Rule 61 Motion, finding Land's affidavit to be neither newly discovered nor credible.[12] There was "powerful" and "overwhelming evidence" of Clay's guilt.[13] Land's affidavit did nothing to mitigate the incriminating evidence against Clay, and thus, the affidavit did not form the basis for a new trial.[14]

(6)    This Court's denial of the First Rule 61 Motion was affirmed by the Delaware Supreme Court on June 13, 2019.[15] Over two years later, on September 27, 2021, Clay filed a second motion for postconviction relief (the "Second Rule 61 Motion"). Clay contends that he should be granted relief based on newly discovered evidence of his actual innocence in fact. His purported new evidence is the same affidavit referenced in his First Rule 61 Motion.

---

[10] *See State v. Clay*, 2018 WL 6434798, at *6.
[11] Land's October 27, 2015, affidavit reads in full as follows:
> And state the facts in writing this affidavit of what I've been accused of or convicted of, that these Men Booker Martin and Christopher Clay had nothing to do with it and I never seen these Men before until that night. I never gave Mr. Martin any money or given Mr. Clay a gun. The night of the Robbery of the Dollar General Store. I am very sorry for leting [sic] this go as far as it did So I ask that all charges against them be drop. [sic] This is my own choice because it is the right thing to do.
[12] *State v. Clay*, 2018 WL 6434798, at *6.
[13] *Id*. at 4–5.
[14] *Id.* at 6.
[15] *Clay v. State*, 212 A.3d 804.

4

(7) On November 30, 2021, the State filed its response to the Second Rule 61 Motion. Clay filed a reply brief on December 17, 2021, asserting multiple grounds for relief that were not raised in the Second Rule 61 Motion. The most salient of the tacked-on arguments are i) Clay's trial counsel was ineffective because he did not impeach the trial testimony of Corporal Diaz of the Georgetown Police Department;[16] and ii) the State withheld exculpatory evidence in violation of *Brady v. Maryland*.[17]

## DISCUSSION

(8) The Court must first address whether the procedural requirements of Rule 61 have been met.[18] Subsection (d)(2) generally limits movants to one postconviction motion.[19] Rule 61(i)(1) typically bars postconviction motions from being filed more than one year after the finalization of a conviction.[20] Furthermore, Subsection (i)(4) states in relevant part, "[a]ny ground for relief that was formerly adjudicated . . . in a postconviction proceeding . . . is thereafter barred."[21] Although Clay's Second Rule 61 Motion was filed more than three years after his conviction

---

[16] Def.'s Reply Br. at 2–3.
[17] *Id.* at 3–4; 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[18] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 1044, 103 L.Ed.2d 308 (1989)).
[19] Super. Ct. Crim. R. 61(d)(2).
[20] Super. Ct. Crim. R. 61(i)(1).
[21] Super. Ct. Crim. R. 61(i)(4).

was finalized,[22] and the Land affidavit was previously presented in a postconviction proceeding, none of the forementioned bars to relief apply to a claim that satisfies Rule 61(d)(2)(i).[23]

(9)     Subsection (d)(2) provides that a second postconviction relief motion will not be summarily dismissed if "the movant was convicted after a trial and the motion . . . (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted . . . ."[24]

(10)    In the time since the Court found that the Land affidavit was neither newly discovered nor persuasive evidence,[25] the Delaware Supreme Court issued its decision in *Purnell v. State*.[26] It is important to note that *Purnell* presented an "exceedingly rare"[27] fact pattern and was "the first case where a defendant . . . satisfied the actual innocence exception to the procedural bars in Rule 61."[28]

(11)    Under *Purnell*, a post-trial recantation may constitute new evidence.[29] However, here, unlike *Purnell*,[30] the post-trial affidavit was raised in the defendant's

---

[22] *See* Super. Ct. Crim. R. 61(m)(2).
[23] Super. Ct. Crim. R. 61(i)(5).
[24] Super. Ct. Crim. R. 61(d)(2)–(i).
[25] *State v. Clay*, 2018 WL 6434798, at *6, *aff'd*, 212 A.3d 804.
[26] *See Purnell v. State*, 254 A.3d 1053 (Del. 2021).
[27] *Id* at 1122.
[28] *Id.*
[29] *See id.* at 1113–16.
[30] *State v. Purnell*, 2013 WL 4017401, at *1 (Del. Super. May 31, 2013).

first postconviction motion. Since the Land affidavit was formerly adjudicated in a postconviction proceeding, it cannot constitute newly discovered evidence.

(12) It is clear that the Land affidavit does not create a persuasive inference that the movant is innocent. As this Court said plainly in its decision regarding the First Rule 61 Motion, the Land affidavit "is just not credible."[31] Despite Clay's hopeful reliance on *Purnell,* that case does not augment the credibility of the Land affidavit. *Purnell* crystalizes that "[s]atisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare."[32] This is not one of those extraordinarily circumstances, and thus, the claim is procedurally barred.

(13) The arguments advanced in Clay's reply brief are also barred on procedural grounds. Rule 61(b)(2) states in pertinent part, "[t]he motion shall specify *all* the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge . . . ."[33]

(14) Rule 61 motions may be amended "at any time before a response is filed" by the State.[34] Even if it is assumed that the reply brief was an attempt to amend the Second Rule 61 Motion, it was filed after the State's response was submitted. No explanation was provided why the additional arguments were not

---

[31] *State v. Clay*, 2018 WL 6434798, at *6, *aff'd,* 212 A.3d 804.
[32] *Purnell*, 254 A.3d at 1100.
[33] Super. Ct. Crim. R. 61(b)(2) (emphasis added).
[34] Super. Ct. Crim. R. 61(b)(6).

included in the First or Second Rule 61 Motions.[35] In other words, Clay provides no justification why "justice so requires" the Court to consider the additional arguments.[36] Rule 61(b)(2) does not permit arguments supplementing a postconviction relief motion to be submitted in this fashion. Accordingly, the consideration of the additional arguments raised in the reply brief are procedurally barred.

**THEREFORE**, Defendant's second motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary

---

[35] *See State v. Clay,* 2018 WL 6434798, at *2.
[36] Super. Ct. Crim. R. 61(b)(6).

8